O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARDS OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN, THE MOTION PICTURE INDUSTRY INDIVIDUAL ACCOUNT PLAN, and THE MOTION PICTURE INDUSTRY HEALTH PLAN,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>BZ COM MARKETING, INC., a California corporation,<br><br>　　　　　　Defendant. | Case No. CV 08-02956 DDP (JWJx)<br><br>**ORDER GRANTING DEFAULT JUDGMENT AGAINST BZ COM MARKETING, INC.**<br><br>[Motion filed on August 28, 2008] |

　　This matter comes before the Court on Plaintiffs' Motion for Default Judgment against Defendant BZ Com Marketing, Inc. ("BZ Com"). After reviewing the materials submitted by the plaintiffs and considering the arguments therein, the Court grants Plaintiffs' motion and adopts the following order.

**I.　Background**

　　The plaintiffs in this action are the Boards of Directors of the Motion Picture Industry Pension Plan, the Motion Picture Industry Individual Account Plan, and the Motion Picture Industry

Health Plan ("Plans"). The Plans are employee welfare benefit and pension plans under ERISA, 29 U.S.C. § 1002(1) & 2(A), and multiemployer plans within the meaning of ERISA, 29 U.S.C. § 1002(37)(A). In March 2005, Defendant BZ Com entered into an Agreement of Consent in which it agreed to be bound by the Producer-IATSE Basic Agreement. It also executed an IATSE Trust Acceptance acknowledging that it entered into the Basic Agreement with IATSE and agreeing to become a party to the Health Plan, Pension Plan, and Individual Account Plan. Also in March 2005, BZ Com entered into International Cinematographers Guild (Publicists) Local 600 Competitive Agency Agreement for the period August 1, 2004 through July 31, 2006. BZ Com entered into a successive Publicist Agreement for August 1, 2006 through July 31, 2009.

The Basic Agreement provides that an employer's weekly contributions to the Plans are calculated by separately determining total hours worked by or guaranteed to employees and multiplying all such hours by the rates set forth in the Basic Agreement and Trust Agreements. Pursuant to these agreements, BZ Com is obligated to forward a single combined weekly remittance report, together with contributions owed to the Plans by the last day of the week following the week in which work was performed. Contributions are delinquent if not received within five days from the date they become due. The Trust Agreements provide that the Plan Directors may audit the records of any employer in connection with the contributions and reports. Gordon Decl. ¶ 10, Exs. 5-7 (Article III). If a party fails to make records available for an audit or inspection, the Trust Agreements allow the Plans to take "any action," including bringing a lawsuit, to enforce the audit

2

1 provisions.  E.g., Gordon Decl. Ex. 5, § 6.  The Plans also
2 provide that, in such a circumstance, the party refusing the audit
3 will be liable for enforcement expenses. Id. at § 6(b).
4      The Plans determined that a number of BZ Com's records must
5 be made available for inspection, and are necessary for the Plans
6 to determine whether contributions have been properly reported and
7 paid to the plans in accordance with the Basic Agreement and the
8 Trust Agreements.  For that purpose, in November 2007 the Plans
9 requested that BZ Com submit its records for an audit from the
10 period of January 23, 2005 to date.  The Plans allege that BZ Com
11 has failed and refused to comply.
12      On May 6, 2008, the Plans filed this action to enforce the
13 audit provisions of the Trust Agreement pursuant to § 502(g)(2)(E)
14 of ERISA, 29 U.S.C. § 1132(g)(2)(E), and § 301 of the Labor
15 Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). The Plans
16 allege that BZ Com has breached the Basic and Trust Agreements by
17 refusing to submit to the audit. The Plans seek a judgment
18 ordering BZ Com to submit to the requested audit and to recover
19 the attorneys' fees and costs incurred in bringing this
20 enforcement action, attorneys' fees in the sum of $ 3,080 and
21 costs in the sum of $ 510.01.
22      The Plans served the Summons and Complaint on BZ Com by
23 substituted service on June 13, 2008.  At the request of the
24 Plans, the clerk entered Default against BZ Com on July 30, 2008
25 pursuant to Federal Rule of Civil Procedure 55(a). The Plans now
26 move for Default Judgment pursuant to Rule 55(b).
27 ///
28 ///

## II. Legal Standard for Default Judgment

A party applies to the Court for an entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). A judgment by default "shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Fed. R. Civ. P. 54(c).

In the Central District of California, applications for default judgment must be accompanied by a declaration that identifies "(a) [w]hen and against what party the default was entered; (b) [t]he identification of the pleading to which default was entered; (c) [w]hether the defaulting party is an infant or incompetent party … ; (d) [t]hat the Servicemembers Civil Relief Act (50 App. U.S.C. § 521) does not apply; and (e) [t]hat notice has been served on the defaulting party[.]" Central District of California Local Rule 55-1. The Plans have complied with these requirements. See Jordan Decl. ¶¶ 2-7.

A court grants default judgment in the exercise of its discretion. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986); DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 852 (9th Cir. 2007). In considering whether to grant a default judgment, a district court may consider the following factors, among others:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of a plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

4

<u>Eitel</u>, 782 F.2d at 1471-72.

**III.     Application**

    A.     <u>Default Judgment is Warranted</u>

In this case, the Court finds that the factors weigh in favor of the entry of default judgment. The first <u>Eitel</u> factor calls on the Court to consider whether the Plans will suffer prejudice if default judgment is not entered. Without some form of judgment from the Court, the Plans will be unable to enforce the audit provisions of the pension plans or determine whether BZ Com has been properly contributing to them.

The second two <u>Eitel</u> factors, substantive merits and sufficiency of the complaint, call upon the Plans to state a claim upon which that would allow recovery. <u>Pepsico, Inc. v. Cal. Sec. Cas</u>, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). The Plans appear to state claims with potential substantive merit, <u>see</u> <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980), and the Complaint clearly indicates the particular Agreements and Dates at issue. The Plans are appropriate parties to enforce violations of the various Agreements. Beneficiaries and fiduciaries are authorized to bring civil actions under ERISA to enforce compliance with the terms of bargaining agreements. <u>See</u> 29 U.S.C. §§ 1132, 1145. Additionally, § 301 of the LMRA "require[s] only that the object of the suit be the enforcement of rights guaranteed by an agreement between an employer and a labor organization, and not strictly that the suit itself be between a labor union and an employer." <u>Audit Services, Inc. v. Rolfson</u>, 641 F.2d 757, 760 (9th Cir. 1981). The Plans allege a violation of the terms of the Agreements, which do include audit provisions,

5

see Gordon Decl. Exs. 5-7; Compl. ¶ 17, and seek remedies authorized both by ERISA and by the Agreements, see Compl. pp. 7-8 (prayer for relief); 29 U.S.C. § 1132(g); Gordon Decl. Ex. 5 §§ 5c, 6.

Additionally, the relief sought in this action favors default judgment. The Plans primarily seek an order from the Court directing BZ Com to comply with the audit provisions of the Basic Agreement and Trust Agreements. They also seek attorneys' fees in the amount of $3,680, and costs for bringing this enforcement action in the amount of $510.01. See Jordan Decl. Ex. 12. As noted above, both the Trust Agreements and ERISA support this relief.

Moreover, because the facts at the heart of the claim surround the alleged failure to allow an audit upon a request authorized by the Agreements, the claim is unlikely to involve a dispute of material fact. There is no indication of excusable neglect.

The final Eitel factor stems from the policy of the Federal Rules of Civil Procedure favoring decisions on the merits. Although the Court favors decisions on the merits, at times this is not practicable. Here, BZ Com's failure to answer the complaint makes a decision on the merits impractical, if not impossible. The preference for rulings on the merits is not a requirement; under Rule 55(a), a termination of a case before a hearing on the merits is allowed whenever a BZ Com fails to defend an action. Thus, "the preference to decide cases on the merits does not preclude a court from granting default judgment." Pepsico, 238 F. Supp. 2d at 1177.

Accordingly, the Court finds that Default Judgment is

6

warranted in this case. The form of such judgment will be discussed in further detail below.

   B.   Relief Sought

The Court also finds the requested relief warranted in this case.

   1.   *Allow the Plans to Perform Audit*

As noted above, the Plans seek an order from the Court directing BZ Com to submit to an audit, including (1) making available the appropriate books and records, (2) affording the Plans ample time and opportunity to examine those books and records, and (3) supplement missing records. The Court finds this relief warranted. See 29 U.S.C. § 1132(g).

   2.   *Attorneys Fees and Costs*

The Plans also request (1) attorneys' fees and costs incurred in bringing this enforcement action and (2) in conducting the audit. The Court finds this request appropriate. The Plans have filed a Motion pursuant to Local Rule 55-3 requesting the attorneys' fees. Having reviewed the provisions of the Agreement providing for a reimbursement of costs incurred, see, e.g., Gordon Decl. Ex. 5, § 6(b), and the documented attorneys' fees and costs, see Jordan Decl. Exs. 10 & 12, the Court finds the requested relief appropriate.

**IV. Conclusion**

For the foregoing reasons, the Court enters default judgment against Defendant for the relief and amounts in Plaintiffs' motion.

1.   Defendant BZ Com is hereby ordered to:

   A.   Make available to the Plans all of the books and records

7

concerning the classification of the employees of BZ Com, their names, social security numbers, the amount of wages paid to each, and the hours worked, including, but not limited to, Individual Time Cards and/or start slips; Individual payroll ledger; Quarterly returns filed with each state in which work was performed or filed with any other state agency; Accounts Payable/Cash Disbursement Journals (or canceled checks in lieu thereof); Quarterly returns filed with the Federal Government (Form 941); Cash Disbursement Journal; Cancelled checks and the check stub register; Invoices and backup for Cash Disbursement Journal, cancelled checks and the check stub register; Forms W-2 and W-3; Forms 1096's and 1099's; Workers' compensation carrier reports; General Ledger; Accounts Receivables and such other records as may be necessary in the opinion of the Plans' auditor, and any other records or information that the Plans require to examine for the period of January 23, 2005 to date.

  B. Afford to the Plans both ample time and opportunity to examine all of BZ Com's materials specified above, without harassment, at such time and at such place as shall be convenient to the authorized representative of the Plans.

2. In the event BZ Com cannot produce all of the records which the Plans are required to examine, BZ Com is ordered to participate in record reconstruction, where BZ Com shall have 14 days to:

  A. Apply to the Federal and State agencies with which BZ Com previously filed periodic reports pertaining to employees for copies of BZ Com's reports to them for the periods for which BZ Com cannot produce records; and

B.   Subsequently make available to the Plans all such copies of BZ Com's periodic reports to the Federal and State agencies under the Conditions set forth in 1(B), above.

3.   BZ Com is further ordered to pay to the Plans:

A.   $ 3,680.00 for reasonable attorneys' fees incurred in prosecuting this action;

B.   $ 510.01 for costs of suit; and

C.   All costs incurred by Plaintiffs in conducting the audit for the period of January 23, 2005 to date.

IT IS SO ORDERED.

Dated: October 3, 2008

_____
DEAN D. PREGERSON
United States District Judge